UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABRAHAM PORTNOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  20-1611 (UNA) |
| ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.

The complaint is unclear, but it seems to seek review of decisions rendered by the United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims, or

1

some sort of intervention in proceedings that are or were before those courts. *See* Compl. at 3 ("I am asking the Court to finish my six years fighting for truth by scheduling the trial with jury.")

This federal district court lacks jurisdiction to review another court's decisions and order it to take any action. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act."). Moreover, it is axiomatic that a lower federal court has no authority over an appellate court. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992 ) (per curiam) (internal quotation marks and citation omitted)). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

                                      SIGNED:    EMMET G. SULLIVAN
                                      UNITED STATES DISTRICT JUDGE

DATE:  June 29, 2020